MONICA CRUZ THORNTON (SBN 131446)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA  90025
Telephone: (310) 445-0800
Facsimile: (310) 473-2525
Email: mthornton@selmanbreitman.com

Attorneys for Defendant
T&D MOTOR COMPANY, INC. and
CLASSIC RECREATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROLL SHELBY, an individual, CARROLL SHELBY LICENSING, INC., a California corporation, SHELBY AUTOMOBILES, INC., a Nevada corporation, and CARROLL HALL SHELBY TRUST,<br><br>         Plaintiffs,<br><br>    v.<br><br>DENICE SHAKARIAN HALICKI, an individual, THE ORIGINAL GONE IN 60 SECONDS, LLC, a Delaware limited liability company, HALICKI FILMS, LLC, a California limited liability company, ELEANOR LICENSING, LLC, a Delaware limited liability company, T&D MOTOR COMPANY, INC., an Oklahoma company, CLASSIC RECREATIONS LLC, an Oklahoma limited liability company,<br>         Defendants. | CASE NO. CV08-08004 SJO (PJWX)<br><br>STIPULATION OF THE PARTIES FOR ENTRY OF A PROTECTIVE ORDER; FILED CONCURRENTLY WITH [PROPOSED] PROTECTIVE ORDER<br><br>Complaint Filed  : 12/04/08 |

424403.1 728.26496

1

| | |
|---|---|
| 1 | T&D MOTOR COMPANY, INC., AN OKLAHOMA COMPANY AND CLASSIC RECREATIONS LLC, |
| 2 | |
| 3 | |
| 4 | Counter-claimants |
| 5 | v. |
| 6 | |
| 7 | CARROLL SHELBY, an individual, CARROLL SHELBY LICENSING, INC., a California corporation, SHELBY AUTOMOBILES, INC., a Nevada corporation, and CARROLL HALL SHELBY TRUST |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Counter-Defendants |

IT IS HEREBY STIPULATED AND AGREED, by the parties to this action, through their respective undersigned counsel of record, that the proprietary, confidential, private and trade secret information and documents will be the subject of discovery in this matter and will be utilized in the discovery, litigation and trial of this matter, and that it is necessary to protect such proprietary, confidential, private, and trade secret information and documents from inappropriate or unlawful disclosure or use.

THEREFORE IT IS HEREBY STIPULATED AND AGREED:

1. <u>Definitions</u>

The following definitions shall apply to this Order:

/ / /

/ / /

    a.   "Litigation" shall refer to this action, and to any and all actions later consolidated with this action, any appeal from this action, all through final judgment.

    b.   "Documents" shall mean all written records or graphic material whatsoever including without limitation all "writings" as defined by the Federal Rules of Evidence, any meaning reasonably given to such term in any written request for production of documents served by any party herein, and all reproductions of the foregoing, expressly including any and all electronic versions of same.

    c.   "Producing Party" shall mean any party to the Litigation, or any non-party producing documents, information or other materials in the Litigation.

    d.   "Confidential Information" shall mean any and all information which the Producing Party in good faith contends is proprietary, confidential, or private to it, or which the Producing Party in good faith contends constitutes or includes one or more trade secret(s).

2.   <u>Scope of Application</u>

    a.   Information Governed:  This Order shall govern all Documents and other information and materials generated or produced in response to any method of discovery, whether formal or informal, conducted by any Producing Party.

    b.   Designation of Confidential Information - Documents:  Documents deemed by any Producing Party to be Confidential Information shall be designated as such

by affixing or stamping a legend on such Documents that includes the following language:

"CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY." Any documents labeled "CONFIDENTIAL" may only be shown to the parties to this litigation as well as the persons specified below in paragraph 4, subparagraphs (a)-(g). Any documents labeled "CONFIDENTIAL: ATTORNEY'S EYES ONLY" may _only_ be shown to the persons specified below in Paragraph 4, subparagraphs (a) -(g).

c. Designation of Confidential Information – Non-Documents: For information not reduced to written material, documents, or tangible items, or information that cannot be conveniently designated as set forth in this paragraph, the Producing Party will designate the Confidential Information by written notice to all parties to the Litigation when the Confidential Information is produced.

d. Designation of Confidential Information – Testimony: All testimony elicited during depositions, hearings and other proceedings which concerns or relates to Confidential Information shall be deemed Confidential Information until the expiration of thirty (30) days after the mailing or other delivery of a copy of the transcript of the testimony by the Court reporter to counsel who request a copy of the transcript. This subsection will not otherwise affect the deposition which is being recorded while it is in session. Within the thirty-day (30) period following mailing, the party

1  asserting the claim of confidentiality may, by written
2  notice served on all other parties to the Litigation,
3  designate all or any portion of the testimony to be
4  confidential.  It shall be the duty of counsel asserting
5  the claim of confidentiality to ensure that the record
6  accurately reflects the beginning and ending points of
7  the testimony deemed to disclose Confidential
8  Information.  Only the portions of the testimony
9  designated as Confidential Information within the
10 thirty-day (30) period provided in this subsection (d)
11 will be deemed Confidential Information, except as may
12 be otherwise established by written Order of the Court
13 or by written stipulation of the parties to the
14 Litigation.
15      e.   Confidential Information for Depositions:  When
16 Confidential Information is the subject of inquiry at
17 depositions the portions of the transcripts which set
18 forth or contain information about such Confidential
19 Information shall be sealed and shall not be filed or
20 lodged with the Court except pursuant to the provisions
21 of paragraph 7.
22      3.   <u>Disputes Over Designation of Confidential</u>
23 <u>Information</u>
24      Any party may object to the designation of
25 particular information or documentation as Confidential
26 Information ("Objecting Party").  The Objecting Party
27 shall give written notice to the Producing Party so
28 designating such information or documentation as

1 confidential.  Any such notice shall clearly identify
2 the information or documentation to which the objection
3 is directed.  If the status of the information or
4 documentation cannot be resolved within ten (10) days of
5 the time the notice is served, it shall be the
6 obligation of the Objecting Party to file an appropriate
7 motion requesting that the Court rule whether the
8 disputed information be subject to the protection
9 invoked.  The disputed material shall remain protected
10 as designated hereunder until the Court rules on such
11 motion.

    4.   <u>Personnel Authorized to Receive "CONFIDENTIAL" or "CONFIDENTIAL:  ATTORNEY'S EYES ONLY" Information</u>

For the purpose of this Order, "Qualified Recipient" will mean, with respect to information that is designated as "CONFIDENTIAL" and/or "CONFIDENTIAL: ATTORNEY'S EYES ONLY":

    a.   The parties' attorneys of record in this action and their employees, staff and personnel, specifically SEDGWICK DETERT, MORAN & ARNOLD LLC, counsel for plaintiffs CARROLL SHELBY; CARROLL SHELBY LICENSING, INC.; SHELBY AUTOMOBILES, INC. and CARROLL HALL SHELBY TRUST; M. NEIL CUMMINGS & ASSOCIATES, co-counsel for plaintiffs CARROLL SHELBY; CARROLL SHELBY LICENSING, INC.; SHELBY AUTOMOBILES, INC. and CARROLL HALL SHELBY TRUST; MURPHY ROSEN & MEYLAN LLP, counsel for defendants DENICE SHAKARIAN HALICKI, THE ORIGINAL GONE IN 60 SECONDS LLC, HALICKI FILMS, LLC and ELEANOR LICENSING,

Case 2:08-cv-08004-SJO-PJW   Document 27   Filed 04/15/09   Page 7 of 15   Page ID #:214

1  LLC; and SELMAN BREITMAN LLP, counsel for defendants T&D
2  MOTOR COMPANY, INC. and CLASSIC RECREATIONS LLC and
3  their respective associates, clerks, legal assistants
4  and support personnel.;
5     b.   Independent experts and consultants, and their
6  employees, retained for this Litigation by the parties
7  and/or their respective attorneys of record;
8     c.   The persons who are the authors, addressees or
9  recipients of the Confidential Information, as
10 designated on the documents itself.
11    d.   Any person authorized to conduct settlement,
12 mediation, or arbitration between the parties and who
13 agrees to be bound by this Order.
14    e.   Any deponent in this action who, during
15 deposition, and based on a reasonable and good faith
16 reason relating to the claims or defenses asserted in
17 this action, is either (a) questioned regarding
18 Confidential Information or (b) shown any document
19 containing Confidential Information, provided that any
20 such deponent has (a) read this Order and (b) completed
21 and signed the Declaration to be Bound, attached hereto
22 as Exhibit "A."
23    f.   Other people who may be later designated by
24 written agreement of all parties to this Stipulation
25 permitting such disclosure, or otherwise obtain
26 authorization to receive Confidential Information in
27 accordance with this Order, provided that any such other
28 people have (a) read this Order and (b) completed and

424403.1  728.26496

7

CV 08-89004 SJO (PJWX)

1 signed the Declaration to be Bound, attached hereto as
2 Exhibit "A"; and
3     g.   The Court.
4     5.   <u>Court Reporters</u>
5 Any Court Reporter who transcribes testimony in this
6 action at a deposition shall agree, before transcribing
7 any such testimony, that all confidential testimony is,
8 and shall remain, confidential and shall not be
9 disclosed except as permitted by this Order; that copies
10 of any transcript, reporters' notes or any other
11 transcription records of any such testimony will be
12 retained in absolute confidentiality and safekeeping by
13 such Court Reporter or will be delivered to the
14 attorney of record noticing the deposition or filed or
15 lodged with the Court in accordance with Paragraph 10
16 hereof. In order to assure that each party requesting a
17 copy of the transcript will have an equal opportunity to
18 review the transcript to designate testimony as
19 Confidential Information pursuant to this Order, any
20 Court Reporter who transcribes testimony in this action
21 shall agree to (i) delivery by the same method and at
22 the same time copies of any transcript simultaneously
23 to all counsel who have requested a copy of the
24 transcript prior to its completion; and (ii) indicate in
25 writing on the face of each copy of the transcript, or a
26 cover letter accompanying the transcript, the date of
27 delivery of such transcript.
28 / / /

Selman Breitman LLP
ATTORNEYS AT LAW

1       6.   Use of Confidential Information

2       Any document, thing, deposition transcript, or
3  testimony designated as Confidential Information shall
4  be used only for the purpose of this Litigation and not
5  for any business or other purpose whatsoever, including
6  other collateral litigation or proceedings ("Collateral
7  Proceeding(s)"), unless such proceedings involve two or
8  more adverse parties to this litigation and either (a)
9  all parties to the Collateral Proceeding agree to be
10 bound by the terms of this protective order, or (b)
11 there is a protective order in place in the Collateral
12 Proceeding ("Collateral Protective Order") which offers
13 the same substantive protections as the instant
14 protective order, in which case the Confidential
15 Information produced in the Collateral Proceeding is
16 deemed subject to the terms of the Collateral Protective
17 Order.  Such written discovery response or deposition
18 transcript or testimony shall not be disclosed to anyone
19 except as provided herein.

20      7.   Disclosure of Confidential Information

21      a.   No one other than a party in this Litigation or
22 Qualified Recipient as defined herein shall have access
23 to Confidential Information.  No Qualified Recipient
24 shall discuss the contents of any such materials with
25 any other individual, except with other Qualified
26 Recipients.  In addition, a Qualified Recipient may not
27 provide a summary or abstract of any Confidential
28 Information except to other Qualified Recipients.

1       b.   Each person who reviews or inspects
2  Confidential Information subject to this Order shall be
3  brought within the personal jurisdiction of this Court,
4  including its contempt power by, where required, signing
5  a copy of the attached Declaration to be Bound,
6  signifying agreement to the provisions of this Order and
7  consenting to the jurisdiction of this Court over his or
8  her person for any proceedings involving alleged
9  improper disclosure of Confidential Information as
10 defined herein.
11      c.   Each Party's attorneys of record shall maintain
12 a list of the names of all of the party's Qualified
13 Recipients, including all experts, who inspect or review
14 Confidential Information (including summaries and
15 abstracts thereof) produced pursuant to this Order and
16 the number of copies made of such Confidential
17 Information, and shall periodically make such a list
18 available to the other party's counsel of record within
19 seven (7) business days of receipt of a written request
20 for such list.  However, parties shall not be obligated
21 under this order to disclose their experts prior to the
22 date required by the *Federal Rules of Civil Procedure* or
23 a date agreed upon by the parties.
24    8.   Filing of Confidential Information
25    Under Seal filings of Confidential Court Records
26 will be governed by Local Rule 79-5 and parties are to
27 comply with the procedures set forth therein.
28 / / /

1      9.   Return or Destruction of Confidential
2 Information
3      Upon the conclusion of the Litigation, counsel for
4 the parties shall, within thirty (30) days, unless
5 otherwise agreed to in writing, promptly return all
6 items which have been designated as Confidential
7 Information and all copies thereof, including any
8 Confidential Information or copies thereof provided to
9 any Qualified Recipient or certify that these items have
10 been destroyed pursuant to an agreement of the parties.
11 However, this agreement will not restrict the counsel
12 for the parties identified in Paragraph 4, Sections (a)
13 and (d), inclusive, from maintaining appropriate copies
14 in their files as long as they continue to agree to be
15 bound by this Order.
16     10.  Preservation of Rights and Objections
17     Nothing herein shall prejudice the right of any
18 party to object to any deposition question or to the
19 production of particular Documents or to any other
20 discovery request.  If documents or information subject
21 to a claim of attorney-client privilege  or attorney
22 work product is inadvertently produced to a party or
23 parties, such production shall in no way prejudice or
24 otherwise constitute a waiver of, or estoppel as to, any
25 claim of privilege, work product or other ground for
26 withholding production to which the Producing Party or
27 other person otherwise would be entitled.
28 / / /

1          11. No Waiver as to Admissibility of Evidence

2          Neither this Order nor the designation of any Document or information as Confidential Information shall be construed as an admission that such Document, information or material, or any testimony in respect to such, in a deposition or otherwise, is relevant to this action or is otherwise admissible in evidence in the Litigation or in any other proceeding.  All Confidential Information whether filed with the Court attempted to be admitted into evidence, or actually admitted into evidence will be kept under seal and remain under seal.

12.     Where information is produced by a third party, later named party, a "Doe" defendant , or any other source, that person or entity may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" and such information shall be marked and handled according to the terms of this Order.

13.     Nothing in this Order shall prohibit the transmission or communication of the Confidential Information by hand delivery, face-to-face conference, in sealed envelopes or container via the mails or an established freight, delivery, attorney service, or messenger service, or by telephone, telegram, facsimile, or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused, or that Confidential Information will be disclosed to non-disclosing parties to this lawsuit.

1        14.  Reservation of Jurisdiction

2        The Court shall retain jurisdiction after
3   termination of the Litigation over the parties and their
4   attorneys, agents, and employees, and over all whose to
5   whom disclosure of any Confidential Information is made,
6   for the purpose of enforcing the terms of this Order
7   and/or redressing any violation thereof.  Violation by
8   any person of any provision of this Order shall be
9   punishable as contempt of Court.

10       IT IS SO STIPULATED AND AGREED:

12  DATED: April 15, 2009         SEDGWICK DETERT, MORAN
                                  & ARNOLD  PLC

14                                By: /s/ CAROLINE Y. BUSSIN
15                                    ROBERT F. HELFING
                                      HEATHER L. MCCLOSKEY
16                                    CAROLINE Y. BUSSIN
                                  Attorneys for plaintiffs
17                                CARROLL SHELBY; CARROLL
                                  SHELBY LICENSING, INC.;
18                                SHELBY AUTOMOBILES, INC. and
                                  CARROLL HALL SHELBY TRUST

20  DATED: April 14, 2009         MURPHY ROSEN & MEYLAN LLP

22                                By: /s/ DAVID ERIC ROSEN
                                      DAVID ERIC ROSEN
23                                    ROBERT L. MEYLAN
                                      JODI M. NEWBERRY
24                                Attorneys for defendant
                                  DENICE SHAKARIAN HALICKI, THE
25                                ORIGINAL GONE IN 60 SECONDS
                                  LLC, HALICKI FILMS, LLC and
26                                ELEANOR LICENSING, LLLC

Selman Breitman LLP
ATTORNEYS AT LAW

424403.1  728.26496

```
 1   DATED: April 14, 2009            SELMAN BREITMAN LLP
 2
 3                                    By: /s/ MONICA CRUZ THORNTON
                                          MONICA CRUZ THORNTON
 4                                    Attorneys for Defendant
                                      T&D MOTOR COMPANY, INC. and
 5                                    CLASSIC RECREATIONS LLC
 6
 7
 8        IT IS SO ORDERED
 9
10   DATED: April 15, 2009    By: _____
                                      Honorable Patrick J. Walsh
11                                    United States Magistrate Judge
```

# EXHIBIT "A'

## Acknowledgement Of and Declaration To Be Bound By The Terms Of The Protective Order

I, _____ hereby acknowledge that I have received a copy of the Stipulation of the Parties for Entry of a Protective Order and Order thereon entered on _____, 2009 in the matter entitled *Carroll Shelby, et al. v. Denice Shakarian Halicki, et al.*, U.S.D.C. Case No. CV08-08004 SJO (PJWx), have read the Order, understand the Order and agree to be bound by all of the provisions thereof.  I consent to the personal jurisdiction of this Court over me for the purposes of enforcing the terms of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated this ____ day of _____, 2009 at _____, _____.


Name:_____
Signature:_____
Tile:_____
Organization_____